878 F.2d 657
 Joe PFEIFFER, Individually and as Administrator of the
Goods, Chattels and Credit which were of Gusta
Goldklang, Plaintiff-Appellant,
v.
HARRY SHAPIRO, M.D., P.C., Brookdale Hospital Medical
Center, Stephen M. Lichter, M.D., Allan D. Novetsky, M.D.,
Stephen M. Lichter, M.D., and Allan D. Novetsky, M.D. d/b/a
Plaza Oncology Associates, P.C., Irving Friedman, M.D., and
Brookdale Nephrology Associates, P.C., and Dr. S. Moskowitz,
Defendants-Appellees.
 No. 1025, Docket 88-7941.
 United States Court of Appeals,
Second Circuit.
 Argued April 13, 1989.
Decided July 5, 1989.
 
 Norman E. Frowley, Brooklyn, N.Y. (Charles Berkman, Brooklyn, N.Y., on the brief), for plaintiff-appellant.
 Howard R. Cohen, New York City (Ethan B. Gerber, Bower & Gardner, New York, N.Y., on the brief), for defendant-appellee Brookdale Hosp. Medical Center.
 Lewis Rosenberg, New York City (Roy Karlin, Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, on the brief), for defendants-appellees Friedman & Brookdale Nephrology Associates, P.C.
 Michael H. Piziali, New York City (Jones, Hirsch, Connors & Bull, New York City, on the brief), for defendants-appellees Lichter, Novetsky, and Lichter & Novetsky d/b/a Plaza Oncology Associates.
 Patricia D'Alvia, Frederick B. Smith, Morris & Duffy, New York City, filed a brief for defendant-appellee Shapiro.
 Before NEWMAN, CARDAMONE, and WINTER, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 Joe Pfeiffer appeals from an order of the District Court for the Eastern District of New York (Thomas C. Platt, Jr., Chief Judge) denying his motion to reinstate his medical malpractice action, which was dismissed for Pfeiffer's failure to comply with orders of the District Court. For the reasons stated below, we reverse and remand.
 
 Background
 
 2
 In June 1985, Pfeiffer, as administrator of the estate of decedent Gusta Goldklang, filed a diversity action in the Eastern District, alleging that negligent medical treatment by defendants-appellees contributed to the decedent's physical injuries and ultimately caused her death. The District Court referred the action to Magistrate A. Simon Chrein for pretrial supervision.
 
 
 3
 In June 1987, after several extensions of the original deadline for discovery, the Magistrate recommended that the action be dismissed for plaintiff's failure to respond to interrogatories. The District Court denied the recommendation but warned plaintiff's attorney in a written order that any further disobedience of the Magistrate's orders could result in dismissal of plaintiff's action and other sanctions.
 
 
 4
 The Magistrate closed discovery on March 25, 1988, and defendants moved for summary judgment. The District Judge conducted a brief hearing on April 22, 1988, and denied the motion from the bench. Pfeiffer's attorney then requested an opportunity to conduct further discovery. The following colloquy ensued between Chief Judge Platt and Pfeiffer's attorney:
 
 
 5
 THE COURT: There is no more discovery, as I understand it. The matter is closed. That's it.
 
 
 6
 MR. BERKMAN: Then we will make a motion to reconsider the--
 
 
 7
 THE COURT: Yes. You can do that before the Magistrate.
 
 
 8
 MR. BERKMAN: Thank you very much.
 
 
 9
 THE COURT: But I will tell you right now, regardless of that, you are going to have a pretrial order in two weeks from today, which means you must serve it on your adversary no later than one week from today. And they must get their reply in the following week. If you don't serve it a week from today, and I don't get their reply by the sixth [of May]--because if it's not on file by the sixth, I am going to call the case and if you are at fault, the plaintiff's case is going to be dismissed. If it's their fault, I will deal with them accordingly. So don't have anybody default on that. Stric[t]ly you, because you may be out. So take a copy of our form and prepare it forthwith.
 
 
 10
 May 6 came and went, and no pretrial order was filed. On May 16, Chief Judge Platt dismissed the case on the grounds that Pfeiffer "failed to appear, or to file [a pretrial] order, or to move for additional time in which to file such order." Pfeiffer's attorney then moved for reconsideration of the dismissal. He supported the motion with an affidavit by Gerard K. Ryan, Jr., an associate in his firm, reporting what a lawyer for one of the defendants had told Ryan about new instructions from the Magistrate. According to the affidavit, the Magistrate had informed this lawyer that the pretrial order, due May 6, should be held in abeyance pending a hearing before the Magistrate on the reopening of discovery. The affidavit also noted that the only parties that had complied with Chief Judge Platt's order by exchanging proposed pretrial orders were Pfeiffer and one defendant. The record contains no affidavit disputing these assertions.
 
 
 11
 The District Judge conducted a hearing and on October 21 reaffirmed the dismissal "for the reasons stated in writing and filed as part of the record on April 22, 1988"--apparently referring to the May 16 dismissal order and the transcript of the April 22 colloquy. Pfeiffer filed this appeal from the October 21 order reaffirming the dismissal.
 
 Discussion
 
 12
 Our review of this case is considerably impaired by the paucity of evidence the parties have submitted for the record. As best we can decipher from the meager record, however, Pfeiffer's counsel complied with the directions issued by Chief Judge Platt at the April 22 hearing. As required, he submitted a proposed pretrial order to the defendants within a week. Only one of the attorneys on the defendants' side submitted a counter-proposal. Whether or not an attorney for one of the defendants told Ryan that the Magistrate had lifted the May 6 deadline--a fact disputed by the defendants at oral argument, but without support by affidavit, it does not appear that the fault for failure to submit a pretrial order on May 6 can be fairly attributed to Pfeiffer. Though counsel for Pfeiffer did not appear before the District Court on May 6, there is no indication that counsel for any party showed up on that date, and no counsel has claimed otherwise.
 
 
 13
 We sympathize with the District Judge's concern about the protracted nature of the pretrial phase of this lawsuit and do not seek to dissuade him from taking appropriate steps to speed the resolution of the case. Nonetheless, on this record, we think the Judge exceeded the bounds of his discretion in declining to reinstate the action.
 
 
 14
 The judgment of the District Court is reversed and remanded with directions to vacate the order of dismissal and reinstate the complaint.